UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| ROBERT ANTHONY HAYES, <br> a/k/a/ Robert Hayes, <br><br> Petitioner, <br><br> V. <br><br> MICHAEL SEPANEK, *Warden*, <br><br> Respondent. | No. 13-CV-104-HRW <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

Robert Anthony Hayes has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal sentence. [D. E. No. 1] Hayes has paid the $5.00 filing fee. [*Id.*]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

The Court evaluates Hayes' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton*

*v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Hayes' factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed Hayes' § 2241 petition, the Court must deny it as an abuse of the writ.

## BACKGROUND

In 2000, Hayes pleaded guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846; and money laundering in violation of 18 U.S.C. §§ 1956 and 1957. *United States v. Hayes*, No.3: 99-CR26-01-S (W.D. Ky. 1999) The district court determined that based on his prior state felonies, Hayes was a career offender under U. S. S. G. § 4B1.1, and sentenced Hayes to a cumulative 235-month (19-year) prison term. On direct appeal, the Sixth Circuit rejected Hayes' challenges to both his sentence and the validity of his guilty plea. *United States v. Hayes*, 9 F. App'x 365,366 (6th Cir. 2001).

On March 30, 2011, Hayes filed a prior § 2241 petition challenging his enhanced sentence. *See Hayes v. Holland*, No. 0:11-CV-33-HRW (E.D. Ky. 2011) [D. E. No. 2, therein] ("the First § 2241 Petition") In the First § 2241 Petition, Hayes argued that (1) pursuant to *Begay v. United States*, 553 U.S. 137 (2008),the district court which sentenced him should not have counted his prior reckless homicide conviction as a "crime of violence," and (2) he was actually innocent of his violent

felony status.[1] On May 4, 2011, the Court denied the First § 2241 Petition, explaining therein that a prisoner could use § 2241 to challenge only his underlying *conviction*, not some aspect of his *sentence*, and that because Hayes was relying on *Begay* to challenge the enhancement of his federal sentence, he could not assert such a claim in a § 2241 petition. [D. E. No. 4, pp. 4-5, therein] On appeal, the Sixth Circuit affirmed this Court's denial of the First § 2241 Petition. [D. E. No. 11, therein; *see Hayes v. Holland*, No. 11-5578 (6th Cir. Aug. 7, 2012)]

In his current § 2241 petition, Hayes again alleges that his prior state conviction for reckless homicide was not a "crime of violence" within the meaning of U.S.S.G. § 4B 1.2(a)(1) in light of the Supreme Court's decision in *Begay* and the Sixth Circuit's subsequent and related ruling in *Jones v. United States*, 698 F.3d 621, 624 (6th Cir. 2012). Hayes again contends that based on *Begay*, he is "actually innocent of his predicate felony being classified as a violent felony under the U.S.S.G. § 4B1.2 (a)(2)." [D. E. No. 1, p. 4].

## DISCUSSION

Hayes asserts the same *Begay*-based challenge to his sentence in this

---

[1]

In the First § 2241 Petition, Hayes also argued that because he entered an *Alford* plea, the sentencing court was prevented from determining the factual predicates necessary to conclude that his prior state convictions qualified as either a "crime of violence" or "controlled substance offense."

3

proceeding which he unsuccessfully asserted in the First § 2241 Petition. Therefore, the abuse of the writ doctrine precludes consideration of his claim in this proceeding. A district court may refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

While principles of claim and issue preclusion do not apply in the habeas context in the same manner as they do to a civil claim, *McClesky v. Zant*, 499 U.S. 467, 480–81 (1991) ("res judicata does not apply 'to a decision on habeas corpus refusing to discharge the prisoner.'"), *but see Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001) (applying the claim preclusion doctrine to bar reassertion of claims previously considered and rejected in prior habeas corpus petition filed under § 2241), the abuse of the writ doctrine serves a similar role in counseling against considering the merits of the same claim presented in successive habeas corpus petitions. *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Rosales–Garcia v. Holland*, 322 F.3d 386, 398–99 n. 11 (6th Cir. 2003).

"[W]here a prisoner files a petition or engages in other conduct that 'disentitle[s] him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Kuhlmann v. Wilson*,

477 U.S. 436, 444 n.6 (1985) (internal citations omitted); *see also Zayas v. INS*, 311 F.3d 248, 255 (3d Cir. 2002) (Section 2241 habeas petitions are subject to abuse of the writ doctrine); *Allen v. Wilson*, 2011 WL 165389, at *2 (E.D. Ky. Jan. 19, 2011) (applying the abuse of the writ doctrine to bar consideration of the merits of a claim which had been presented in successive habeas corpus petitions).

Because Hayes previously and unsuccessfully challenged his sentence under *Begay* in the First § 2241 Petition, the Court will not address the merits of the same claim which he now presents in this proceeding. The Court will deny Hayes' current § 2241 petition as an abuse of the writ and dismiss this proceeding with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Robert Anthony Hayes' petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

October 16, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge